IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEVAR LEE ANTHONY SPENCE | : | |
| Petitioner, | : | 1:15-cv-2290 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| YORK COUNTY PRISON, PA | : | |
| STATE ATTORNEY GENERAL, | : | |
| Respondents. | : | |

## MEMORANDUM

December 28, 2015

On December 1, 2015, Petitioner Levar Lee Anthony Spence ("Petitioner"), a pre-trial detainee presently confined at the York County Prison, Pennsylvania, initiated the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977)[1] and, it is concluded that the petition is subject to summary dismissal because there are ongoing state court criminal proceedings.

**I.   BACKGROUND**

Petitioner alleges that he has been unlawfully imprisoned since April 2015.

---

[1] Rule 4, which governs preliminary review of petitions, states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . ." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

(Doc. 1, p. 1).  According to the electronic docket in Court of Common Pleas of York County Criminal Case Number CP-67-CR-0003301-2015, retrieved from Pennsylvania's Unified Judicial System, http://ujsportal.pacourts.us., Petitioner was arrested on April 15, 2015, on charges of manufacture, delivery, or possession with intent to manufacture or deliver, and possession of marijuana.  Bail was set at $200,000.00.  An Information was filed on June 22, 2015, and Petitioner was arraigned on June 26, 2015.  On August 24, 2015, an order entered denying Petitioner's Omnibus Pretrial Motion because he "refused to come to court."  On that same date, the status of the matter was identified as "Awaiting Jury Trial."  On or about September 17, 2015, the copy of the order denying the omnibus motion, that was forwarded to Petitioner, was returned to the court as "Rejected."

He alleges that he has been imprisoned for 220 days "without any notice of charge, opportunity to be heard, prompt hearing, process of service, consent, response to averments and, or inquiry, etc.," (Doc. 1, p. 1).  He is seeking immediate release.  (Doc. 1, p. 2).

**II.   DISCUSSION**

 Pursuant to 28 U.S.C. § 2254, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his or her confinement.  *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Tedford v.*

*Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). However, this section specifically provides that the person must be in custody pursuant to the judgment of a State court. *See* 28 U.S.C. § 2254(a). It is apparent from the instant petition that Petitioner has not yet been tried or convicted on the criminal charges he faces in York County, and, thus, he is not yet in custody pursuant to the judgment of a state court.

Notwithstanding this deficiency, generally, federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37 (1971)). The *Younger* Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43. *Younger* abstention applies when the following three requirements are met:

"(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir .2005)).

Notably, even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute. . . ." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

It is evident from the electronic docket and the petition that Petitioner is in ongoing criminal proceedings which implicate important state interests in that he is awaiting trial on pending criminal charges. (Doc. 1; Common Pleas of York County Criminal Case Number CP-45-CR-0001748-2013, http://ujsportal.pacourts.us). There is no indication that he has pursued any type of relief at the state court level. Because there is relief available at the state court level, there is an absence of extraordinary circumstances that would warrant the

Case 1:15-cv-02290-JEJ-EBC   Document 4   Filed 12/28/15   Page 5 of 6

intervention of a federal court on this issue. Thus, out of deference to the state judicial process, it is appropriate to abstain from entertaining the petition. Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans v. Court of Common Pleas,* 959 F.2d 1227, 1234 (3d Cir. 1992).

## III. CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when

5

the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. *See Vogt*, 2010 WL 126155, at *8 (concluding that "jurists of reason would not find it debatable whether the Petition was filed within the one-year limitation period provided for under AEDPA" and denying a certificate of appealability). Accordingly, there is no basis for the issuance of a certificate of appealability.

The denial of a certificate of appealability does not prevent Petitioner appealing the order dismissing his petition so long as he seeks, and obtains, a certificate of appealability from the court of appeals. *See* FED. R. APP. P. 22(b)(1), (2).

A separate order will enter.